UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE STROH,

       Plaintiff,                          Case No. 24-cv-12052
                                          Hon. Matthew F. Leitman

v.

TYLUTKI,
       Defendant.
_____/

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE
FOR FAILURE TO CORRECT A FILING DEFICIENCY**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Eugene Stroh is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan.  On August 6, 2024, the United States District Court for the Western District of Michigan transferred the case to this Court because the claims arose at the Parnall facility, which is located in the Eastern District.  The district court's transfer order also partially dismissed some defendants from the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c). (ECF No. 2.)  Stroh's remaining claim against Correctional Officer Tylutki concerns harassment.

On August 13, 2024, Chief Magistrate Judge David R. Grand signed an order of deficiency in this case. (ECF No. 5.) The order was issued because Stroh

did not file an authorization to withdraw from his prisoner trust account, a signed certification of his trust account from an authorized jail official, and a current statement of his trust fund account showing the history of financial transactions in the account for the past six months. The order directed Stroh to provide the proper documents or pay the filing fee. (*Id*.) Stroh was to comply with this order within thirty days. (*Id*.) To date, he has not.

The Prison Litigation Reform Act (PLRA) requires an incarcerated person who wishes to proceed without prepayment of fees and costs for a civil complaint in federal court to file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (citing 28 U.S.C. § 1915(a)). If an incarcerated person who does not pay the full filing fee fails to provide a certified trust account statement, the district court must notify them of the deficiency, and the incarcerated person will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id*. at 75–76 (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)). "'If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Id*. at 76 (citing *McGore*, 114 F.3d at 605).

By not providing the requested documentation needed to proceed in forma pauperis or alternatively, submitting the filing and administrative fees, Stroh has failed to comply with Magistrate Judge Grand's deficiency order. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the complaint under 28 U.S.C. §§ 1915(a)(1), (b)(1), and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Stroh may file a new civil rights complaint under a new case number as long as he pays the filing and administrative fees or provides the documentation described in this opinion, which is necessary if Stroh wishes to proceed without prepayment of fees.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 16, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126